# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

GTO, INC., etc.,

    Plaintiff,

v.                            CASE NO. 4:05cv198-RH/WCS

WEB DIRECT BRANDS, INC., et al.,

    Defendants.

_____/

## ORDER DENYING MOTIONS TO DISMISS
## AND FOR SUMMARY JUDGMENT

This is an action for trademark infringement, false advertising, and related statutory violations. Defendants have moved to dismiss and for summary judgment with respect to some but not all of plaintiff's claims. I deny the motion.

## I

Plaintiff GTO, Inc. manufactures garage door openers and other gate opening and access control products. It owns several federally registered trademarks.

Defendant Web Direct Brands, Inc. sells gate opening systems manufactured

by others. GTO alleges that Web Direct has engaged in an array of infringing and deceptive practices. These include using GTO's marks to lure internet shoppers to Web Direct's website, falsely representing that GTO products sold by Web Direct are fully warranted by GTO, falsely representing that Web Direct employs mechanics certified by GTO to work on GTO products, and using false information to discourage users of Web Direct's website from selecting GTO brands rather than competing products.

GTO seeks relief under 15 U.S.C. §1114 for trademark infringement (count one), under 15 U.S.C. §1125 for false or misleading representations (counts two and three), under Florida Statutes §817.44 for advertising GTO products with the intent to sell instead the products of competitors (count four), under Florida Statutes §495.151 for using marks in a manner likely to injure GTO's business reputation or dilute the distinctive quality of GTO's marks (count five), and under the Florida common law of trademark infringement (count six). GTO has named as defendants both Web Direct and Anthony Gaeto, an individual shareholder and employee of Web Direct who GTO alleges is the "conscious, moving force" behind Web Direct's various transgressions.

Defendants have moved to dismiss count five for failure to state a claim and have moved for summary judgment with respect to all claims against Mr. Gaeto. I deny the motions.

## II

At issue on the motion to dismiss is the Florida dilution statute, which provides:

> Every person, association, or union of workers adopting and using a mark, trade name, label or form of advertisement may proceed by suit, . . . to enjoin subsequent use by another of the same or any similar mark, trade name, label or form of advertisement if it appears to the court that there exists a likelihood [1] of injury to business reputation *or* [2] of dilution of the distinctive quality of the mark, trade name, label or form of advertisement of the prior user, notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services.

§495.151, Fla. Stat. (2004) (emphasis and bracketed numbers added). Under the plain terms of the statute, a plaintiff may obtain an injunction against a defendant's use of plaintiff's mark or any similar mark in either of two circumstances: (1) when there is a likelihood of injury to plaintiff's business reputation; *or* (2) when there is a likelihood of dilution of the distinctive quality of plaintiff's mark. *See Great Southern Bank v. First Southern Bank*, 625 So. 2d 463, 470-71 (Fla. 1993).

In the case at bar, GTO alleges that Web Direct is using GTO's mark or a similar mark on Web Direct's website and that the use is likely to injure GTO's business reputation. (Complaint ¶71.) This, together with the complaint's factual allegations, is sufficient to state a claim under the statute's "business reputation"

clause—a theory that Web Direct's motion to dismiss does not address at all. *See, e.g., Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (holding that a motion to dismiss for failure to state a claim should be granted only if it appears to a certainty that the plaintiff would be unable to recover under any set of facts that could be proved in support of the complaint). Moreover, GTO alleges that Web Direct's practices have caused "dilution" of GTO's marks. (Complaint ¶73.) This, together with the complaint's factual allegations, is sufficient to state a claim under the statute's "dilution" clause. *See id.*

Web Direct asserts, however, that dilution can occur only from use of a mark in connection with sale of an entirely different product or service, not in connection with sale of the same or a similar product. In support of that position, Web Direct cites *Community Federal Savings & Loan Association v. Orondorff*, 678 F.2d 1034, 1037 (11th Cir. 1982). There the issue was whether a bank's mark used in connection with financial accounts was diluted by a topless bar's use of a similar mark to sell its decidedly different product. The Eleventh Circuit held it was. That holding establishes only that dilution can occur by use of a mark on a dissimilar product, but it does *not* establish that dilution *cannot* occur by use of a mark on a *similar* product.

Dilution statutes like Florida's have been adopted because of a limitation on the preexisting cause of action for infringement. In an infringement action, a

plaintiff must show a likelihood of confusion with respect to the source of the service or product at issue. But harm can be done even when there is no likelihood of confusion, a situation that Florida (like many other states) attempted to remedy by adopting a dilution statute. In a footnote in *Orondorff*, the Eleventh Circuit quoted this apt explanation: "[W]here the likelihood of confusion test leaves off, the dilution theory begins." *Orondorff*, 678 F.2d at 1036 n.6 (alteration by Eleventh Circuit), quoting 2 J. McCarthy, *Trademarks and Unfair Competition* §24:13 (1973).

Thus the dilution statute renders actionable a defendant's use of a mark in a way that dilutes the distinctive quality of a plaintiff's mark, even if consumers are not likely to be confused regarding the source of the product at issue. And this is so even if the defendant uses the mark on a product similar to and in direct competition with the products offered by the plaintiff. *See, e.g., Great Southern Bank v. First Southern Bank*, 625 So. 2d 463, 470-71 (Fla. 1993) (recognizing bank's right to relief against competing bank under §495.151 and remanding for necessary factual findings). *Great Southern* is a definitive application of Florida law by the Florida Supreme Court that is squarely contrary to the premise of defendants' motion to dismiss.

In sum, GTO has adequately stated a claim under Florida Statutes §495.151. Defendants' motion to dismiss count five will be denied.

### III

Mr. Gaeto seeks summary judgment on the ground that GTO cannot prove facts sufficient to justify piercing the corporate veil. The complaint alleges, however, that Mr. Gaeto participated in, and indeed was the "conscious, moving force" behind, the allegedly tortious acts at issue. An individual who participates in tortious conduct may be held liable therefore, even if he or she was acting on behalf of a corporation. This principle is fully applicable to Lanham Act violations. *See Babbit Electronics, Inc. v. Dynascan Corp.*, 38 F.3d 1161 (11th Cir. 1994); *Chanel, Inc. v. Italian Activewear of Florida, Inc.*, 931 F.2d 1472, 1477 (11th Cir. 1991) ("Natural persons, as well as corporations, may be liable for trademark infringement under the Lantham Act" if they "actively and knowingly caused the infringement"). Thus Mr. Gaeto can be held liable for his own individual tortious or infringing conduct whether or not Web Direct's corporate veil could be pierced as would be required to hold Mr. Gaeto liable for any breach of contract by the corporation.

Mr. Gaeto's motion for summary judgment does not put at issue his involvement in the acts at issue. It relies, instead, solely on the absence of a basis for piercing the corporate veil. Because piercing is not a prerequisite to recovery against Mr. Gaeto, the motion for summary judgment will be denied.

*Case No: 4:05cv198-RH/WCS*

For these reasons,

IT IS ORDERED:

Defendants' motion to dismiss and for summary judgment (document 7) is DENIED.

SO ORDERED this 12th day of October, 2005.

                                              s/Robert L. Hinkle
                                              Chief United States District Judge